JOHN APGAR AND ROBERT E. PRELLER, PLAINTIFFS, v. ANITA M. SMITH AND THE TOWNSHIP OF MOUNT LAUREL, IN THE COUNTY OF BURLINGTON, A MUNICIPAL CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided June 12, 1979.

Mr. *Francis J. Hartman* for plaintiffs (*Messrs. Hartman, Schlesinger, Schlosser & Faxon,* attorneys).

Mr. *Michael L. Mouber* for defendant Township of Mt. Laurel.

Defendant Anita M. Smith did not appear.

HAINES, J. S. C. On April 26, 1979 a substantial revision of the statutes relating to vacancies in the membership of municipal governing bodies became effective. Its provisions control this dispute.

Thomas A. Kelly was in his first year of a four-year term as a member of Mt. Laurel Township Council. On May 5, 1979, by reason of an employment promotion which required him to move to Ohio, he wrote to the clerk of the township

saying, in part, "I hereby tender my resignation from the governing body effective May 31, 1979." On May 7, 1979 Council accepted his resignation and adopted a resolution appointing defendant Anita M. Smith to fill the anticipated vacancy. Thomas A. Kelly voted favorably on both issues.

On May 29, 1979 plaintiffs filed this suit to void the resolution filling the vacancy and "for such other relief as may be just." They allege that the resolution appointing Anita M. Smith to the township council was without effect because no vacancy existed at the time it was adopted and because it was improper for Thomas A. Kelly to vote thereon. They move for summary judgment. The issues require an interpretation of the new law and may be resolved on the motion, there being no factual dispute.

*N. J. S. A.* 40A:16–3(f) provides that "the office of * * * a member of the governing body of a municipality shall be deemed vacant * * * [u]pon the filing of a written resignation with the Municipal Clerk by the * * * member of the governing body * * *." The township construes this provision as creating a vacancy in the present case on May 7, 1979 when the letter of resignation was, in fact, lodged with the clerk. Plaintiffs contend that the vacancy did not occur until the resignation became effective. Plaintiffs are correct. Defendants' construction would put Kelly in a peculiar position; his office would be vacant at the moment he filed his letter of resignation with the clerk, but he would be permitted to discharge the obligations of that office until the date on which his resignation became effective. Meanwhile, anyone appointed to fill the vacancy would have no responsibilities of office. That strained construction is contrary to a common sense reading of the statute, which contains words of common use, to be given their "natural, plain, obvious and ordinary signification". *Jamouneau v. Harner*, 16 *N. J.* 500 (1954).

There are other reasons for rejecting that interpretation. *N. J. S. A.* 40A:16–21 provides that "all appointees to fill a vacancy, whether to fill the unexpired term or temporarily, *shall take office immediately* after appointment and

qualification" (emphasis supplied). "Qualification," is a formality, since, under *N. J. S. A.* 40A:16–10, an appointee must have the required qualifications at the time of the appointment. Here defendant Smith was appointed to fill the vacancy on May 7, 1979 but could not assume any of the duties of office until May 31, 1979, when the resignation became effective. The township claims to meet the mandate of § 21 of the new law by delaying her "qualification." "Qualification," in this circumstance, can mean no more than the elementary act of signing an oath of office. It was not the intent of the Legislature to permit a person filling a vacancy to delay assuming the duties of office for an indefinite time by withholding a perfunctory action while an incumbent whose office is "vacant" discharges the significant responsibilities which are the real obligations of the appointee.

Practical considerations dictate the same conclusion. Assume these facts: A resignation is filed but is not effective, as in the present case, until some date after its delivery. Before that date arrives the resignation is withdrawn. If the "vacancy" has been filled prior to the withdrawal, obvious difficulties are presented. The same problem arises, on like facts, if the office becomes vacant before the effective date of the resignation for other reasons set forth in *N. J. S. A.* 40A:16–3: a judicial determination that the office is vacant, or the death of the official, or his or her removal from the municipality, or physical or mental incapacity to serve. It cannot have been the intention of the Legislature to permit such anomalous situations to arise.

■ The language of *N. J. S. A.* 40A:16–3(f) creates a vacancy "upon the filing of a written resignation with the municipal clerk * * *." The township would read this literally, so that "filing" would create a vacancy no matter how long delayed the effective date of the resignation. However, there can be no "resignation" until the effective date thereof, and the "filing" here must be construed as taking place on May 31, 1979, the date that Kelly, in fact, resigned. I con-

clude, therefore, that the resolution attempting to fill the "vacancy" was premature; there was no vacancy.

██ There are additional statutory provisions which require this litigation to be decided in favor of plaintiffs. *N. J. S. A.* 40A:16–7 requires that "an appointment to fill a vacancy in the membership of a governing body shall be by a majority vote of the *remaining members* of the governing body" (emphasis supplied). The "remaining members" are those members left in office after others have departed, by reason of resignation or otherwise. There were no remaining members at the time the instant resolution was adopted; no office had been vacated. Had the vacancy then existed, Thomas A. Kelly could not have voted on it since he would not have been a remaining member. Consequently, the resolution was premature and without effect. Finally, the *coup de grace*: no vote was permissible until there had been compliance with § 11 of the new law, compliance which could not be had until *after* the vacancy occurred, *i. e.,* after May 31, 1979.

*N. J. S. A.* 40A:16–11 provides:

Appointment to fill vacancy where incumbent was nominee of a political party; time to fill vacancy. If the incumbent whose office has become vacant was elected to office as the nominee of a political party, the municipal committee of the political party of which the incumbent was the nominee, shall, no later than 15 days after the occurrence of the vacancy, present to the governing body the names of three nominees for the selection of a successor to fill the vacancy. The governing body shall, within 30 days after the occurrence of the vacancy, appoint one of the nominees as the successor to fill the vacancy. If the municipal committee which nominated the incumbent fails to submit the names of the nominees within the time prescribed herein, the governing body shall, within the next 15 days fill the vacancy by the appointment of a successor from the same political party which had nominated the incumbent whose office has become vacant.

This procedure was ignored by counsel. Consequently, notwithstanding other problems, the resolution could not survive.

It is argued that the resignation required council's acceptance before it became effective. That rule has been announced in some cases. *Fryer v. Norton,* 67 *N. J. L.* 537 (E. & A. 1902) ; *Kuberski v. Haussermann,* 113 *N. J. L.* 162 .(Sup. Ct. 1934). Here, however, the Legislature has spoken: the vacancy occurs when the written resignation is filed. There is no requirement of acceptance and no justification for the court's construction of one. (Contrast *N. J. S. A.* 40A:9–11, in which the Legislature has required resignations to be accepted when the official involved is not a member of a governing body.)

The resignation of Thomas A. Kelly was effective one instant after midnight, May 30, 1979. *Loughran v. Jersey City,* 86 *N. J. L.* 442 (Sup. Ct. 1914). The 15 days referred to in *N. J. S. A.* 40A:16–11 commence running on June 1, 1979, since the first day of the resignation is not to be counted. *DeLisle v. Camden,* 67 *N. J. Super.* 587 (App. Div. 1961).

Plaintiffs also claim that the resolution in question was adopted in violation of the Open Public Meetings Act, *N. J. S. A.* 10:4–6 *et seq.* In view of my conclusions on the substantive issues, this question, which would require the taking of testimony, is moot and therefore not decided.

Costs are allowed to plaintiffs.